1  KEVIN E. GAUT (SBN 117352)
   keg@msk.com
2  GARY MCLAUGHLIN (SBN 217832)
   gmm@msk.com
3  SANDRA HANIAN (SBN 305983)
   s3h@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Defendant
   RESIDENTIAL ELEVATORS, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| JAMES STOUT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESIDENTIAL ELEVATORS, INC., a Florida Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. '23CV1479 JO   DEB<br><br>**DEFENDANT RESIDENTIAL ELEVATORS, INC.'S NOTICE OF REMOVAL**<br><br>(Removed from San Diego Superior Court Case No. 37-2023-00028560-CU-OE-CTL)<br><br>(Federal Question and Diversity Jurisdiction: 28 U.S.C. §§ 1331, 1332, 1441, 1446)<br><br>[Civil Cover Sheet, Declaration of Gary McLaughlin, and Corporate Disclosure Statement filed concurrently herewith] |

Mitchell Silberberg & Knupp LLP

**NOTICE OF REMOVAL**

15683283.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAMES STOUT AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant Residential Elevators, Inc. (hereinafter "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1331, 1332, 1367, and 1441. Pursuant to 28 U.S.C. Section 1446(d), removal of this action is effective upon notice and will immediately and automatically terminate all proceedings in the Superior Court for the County of San Diego. Defendant's removal of this action is proper for the reasons set forth below.

BACKGROUND

1.      On or about July 3, 2023, Plaintiff James Stout ("Plaintiff" or "Stout"), filed a Complaint captioned *James Stout v. Residential Elevators, Inc.*, Case No. 37-2023-00028560-CU-OE-CTL, in the Superior Court of the State of California for the County of San Diego (the "State Court Action").

2.      Plaintiff's Complaint alleges twelve causes of action: (1) failure to pay minimum wages; (2) failure to pay wages and overtime under Labor Code Section 510; (3) meal-period liability under Labor Code Section 226.7; (4) rest-break liability under Labor Code Section 226.7; (5) reimbursement of necessary expenditures under Labor Code Section 2802; (6) violation of Labor Code Section 226(a); (7) violation of Labor Code Section 221; (8) failure to keep required payroll records under Labor Code Sections 1174 and 1174.5; (9) failure to produce requested employment records under Labor Code Sections 226 and 1198.5; (10) penalties pursuant to Labor Code Section 203; (11) violation of Business & Professions Code Section 17200 et seq.; and (12) failure to make proper disclosure in violation of the FCRA.

3.  <u>Removal is Timely</u>: On July 13, 2023, Defendant's designated corporate agent for service of process was personally served with copies of the Summons and Complaint in the State Court Action. This Notice of Removal therefore is timely under 28 U.S.C. Section 1446(b), as it is being filed within 30 days of service of the Complaint on Defendant.

4.  Defendant is informed and believes that no "Doe" defendant has been identified and therefore no other defendant has been served with a copy of the Summons and/or the Complaint. This action may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

5.  <u>Copies of All Process, Pleadings, and Orders</u>: To the best of Defendant's knowledge, the pleadings and documents filed and/or served in the State Court Action consist of:

(a) The Complaint, filed on July 3, 2023 and served on Defendant on July 13, 2023, which is attached as Exhibit A to the Declaration of Gary McLaughlin ("McLaughlin Declaration"), filed concurrently herewith;

(b) The Summons issued on July 3, 2023, and served on Defendant on July 13, 2023, which is attached as Exhibit B to the McLaughlin Declaration (along with the Complaint);

(c) The Civil Case Cover Sheet filed on July 3, 2023, and served on Defendant on July 13, 2023, which is attached as Exhibit C to the McLaughlin Declaration;

(d) The Notice of Case Assignment and Case Management Conference, filed on July 10, 2023, and served on Defendant on July 13, 2023, which is attached as Exhibit D to the McLaughlin Declaration;

(e) The Alternative Dispute Resolution (ADR) Information form, filed on July 10, 2023, and served on Defendant on July 13, 2023, which is attached as Exhibit E to the McLaughlin Declaration;

(f) The Stipulation to Use Alternative Dispute Resolution (ADR) form, filed on July 10, 2023, and served on Defendant on July 13, 2023, which is attached as Exhibit F to the McLaughlin Declaration;

(g) Defendant's Answer, filed and served on Plaintiff on August 10, 2023, which is attached as Exhibit G to the McLaughlin Declaration.

(h) Accordingly, complete copies of all process, pleadings, and orders served upon Defendant in the State Court Action, are attached as Exhibits A to G to the McLaughlin Declaration, pursuant to 28 U.S.C. Section 1446(a).

## FEDERAL QUESTION JURISDICTION

6. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States." Accordingly, this action may be removed because Plaintiff's complaint alleges claims arising under the federal Fair Credit Reporting Act ("FCRA"). Complaint ¶¶109-122; *see Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 691-92 (2003) (claims brought in state court under federal law are removable absent an express prohibition against removal).

7. Additionally, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because both his federal and state law claims arise under the same underlying facts, and form the same case or controversy. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005) (noting that "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction"). In particular, all of Plaintiff's California and federal claims arise from his employment with Defendant.

8. Plaintiff also incorporates all of his allegations into his FCRA cause of action. Complaint, ¶¶ 109-110 ("Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein … Plaintiff incorporates all paragraphs

of this Complaint as if fully alleged herein."). Plaintiff's complete incorporation of allegations necessarily includes all of the factual allegations in the "Introduction" and "Factual Background" portions of the Complaint, which set forth the same common facts as to all causes of action. Complaint, ¶¶ 1-5, 11-28.

9. Based on the above, this Court has both original and supplemental jurisdiction over this federal question action pursuant to 28 U.S.C. Sections 1331 and 1367, and removal of this entire action is appropriate pursuant to 28 U.S.C. Section 1441(a).

## DIVERSITY JURISDICTION

10. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over an action if (1) it is between citizens of different states, and (2) the amount in controversy exceeds $75,000 (exclusive of costs and interest). These requirements are satisfied here.

11. In a class action, only the citizenship of the named parties is considered for diversity purposes. *Snyder v. Harris*, 394 US 332, 339-340 (1969). Here, the plaintiff is a resident and citizen of California. *See* Complaint ¶ 6; *see also Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal). Defendant, on the other hand, is a citizen of Florida, because it is incorporated in Florida and maintains its principal place of business in Florida. *See* Complaint ¶ 7; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]").

12. Plaintiff's claims also place more than $75,000 in controversy. Where the plaintiff can recover attorney's fees by statute or contract, the amount of the claim for fees is included in the amount in controversy *See Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Plaintiff seeks attorney's fees.  Complaint ¶¶ 20, 48, 53, 67, 72, 93, 122, Prayer ¶ 22.  Statutory fees on many of Plaintiff's claims are recoverable under Labor Code Sections 218.5, 1194(a), 226(e), and 2802(c), as well as 15 U.S.C. Section 1681n(a)(3).  The amount of wages and penalties sought by Plaintiff in this action on his individual claims, plus the attorney's fees he could potentially recover if he prevailed, place more than $75,000 into controversy.

## VENUE

13.   The Complaint in a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 (federal question jurisdiction) and Section 1332 (diversity jurisdiction), and is one which may be removed to this Court pursuant to 28 U.S.C. Section 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). The San Diego County Superior Court is located within the Southern District of California. Accordingly, removal to the United States District Court for the Southern District of California is proper. *See* 28 U.S.C. § 1441(a).

14.   Further, removal is proper to the Southern District of California, San Diego Division because the State Court Action was filed in San Diego County, California.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

15.   A written notice as required by 28 U.S.C. Section 1446(d) addressed to the adverse party and to the Clerk of the Superior Court for San Diego County,

1  California will be filed promptly in the state court and served on Plaintiff's counsel
2  upon the filing of this Notice of Removal.

5  DATED: AUGUST 11, 2023        RESPECTFULLY SUBMITTED,

6                                KEVIN E. GAUT
                                  GARY MCLAUGHLIN
7                                 SANDRA HANIAN
                                  MITCHELL SILBERBERG & KNUPP LLP

9                                 By: /s/ Gary McLaughlin
10                                    Kevin E. Gaut
                                      Gary McLaughlin
11                                    Sandra Hanian
                                      Attorneys for Defendant
12                                    RESIDENTIAL ELEVATORS, INC.